IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON LEE,

    **Petitioner,**                                        Case No. 2:13-cv-761

    v.

**WARDEN, NOBLE CORRECTIONAL**          **JUDGE MICHAEL H. WATSON**
**INSTITUTION,**                                            **Magistrate Judge Kemp**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, Jason Lee, who was, when this case was filed, a prisoner at the Noble Correctional Institution, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is now before the Court on the petition, return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's request for habeas corpus relief be **DENIED** and that this case be **DISMISSED**.

### I. PROCEDURAL HISTORY

The November 4, 2010 session of the Licking County Grand Jury indicted Petitioner on charges of obstructing official business, aggravated menacing, possession of criminal tools (a first degree misdemeanor), possession of marijuana (a minor misdemeanor), and several firearm specifications. *Return*, Exhibit 3. Petitioner was evaluated by Netcare, Inc., and found competent to stand trial. The trial court initially appointed a public defender for Petitioner, but then found that he was financially able to retain counsel, and directed

him to do so. *Return,* Exhibit 5.

Petitioner's case went to trial on June 9, 2011. The jury found him guilty of obstructing official business, with a firearm specification; not guilty of inducing panic; and guilty of aggravated menacing. It was unable to reach a verdict on the charge of possession of criminal tools. The trial judge made a separate finding of guilty on the marijuana charge. The possession of criminal tools charge was dismissed by the State, and Petitioner was sentenced to a mandatory three-year term on the firearm specification and concurrent six-month and 180 day prison terms on the other felony counts. The trial court also imposed a three-year term of post-release control. *Return*, Exhibits 1, 6, 7.

Petitioner timely appealed his conviction to the Fifth District Court of Appeals. He raised the following assignments of error:

    I. WAS THE JURY'S FIREARM SPECIFICATION SPECIAL FINDING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    II. THE DEFENDANT'S SENTENCING ENTRY WAS DEFECTIVE BY MERGING FIREARM SPECIFICATIONS FOR A COUNT IN WHICH HE WAS FOUND NOT GUILTY.

    III. THE TRIAL COURT IMPROPERLY ALLOWED PREJUDICIAL CUMULATIVE FIREARM EVIDENCE TO GO TO THE JURY, AND EXCLUDED EXCULPATORY MENTAL STATE CIVIL FORECLOSURE ERRORS TO BE PRESENTED TO THE JURY.

In a decision dated June 22, 2012, that court affirmed in part and reversed in part, sustaining the second assignment of error and remanding the case for correction of the sentencing entry, which had erroneously imposed sentence on a firearm specification relating to the inducing panic charge on which Petitioner had been acquitted. *Return*,

Exhibit 2; *State v. Lee*, 2012 WL 2393770 (Licking Co. App. June 22, 2012).  Petitioner filed no further appeals, nor any other motions or petitions in the State courts contesting his conviction and sentence.

Petitioner filed his habeas corpus action in this Court on July 31, 2013.  The Court conducted an initial screening of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that the petition contained two unexhausted claims, one relating to ineffective assistance of counsel, and one which was presented to the Fifth District Court of Appeals but not to the Ohio Supreme Court.  The Court recommended that the case be dismissed unless Petitioner withdrew his unexhausted claims.  *Lee v. Warden, Noble Correctional Inst.*, 2013 WL 4479200 (S.D. Ohio August 19, 2013). Petitioner subsequently withdrew grounds two and six from his petition, and the Court directed a return to be filed as to his remaining claims. (Doc. 7).  The return was filed on November 20, 2013.  Petitioner has not filed a traverse.  The last document the Court mailed to him came back as undeliverable; the ODRC website (www.drc.ohio.gov) shows that he is now incarcerated at the London Correctional Institution, with a prison term set to expire on July 18, 2014.

## II.  THE FACTS

The Court set forth the facts of the case, as recited by the Fifth District Court of Appeals, in its prior Report and Recommendation, and it will summarize them here only briefly.  Petitioner's home was sold at foreclosure and he was asked by Sheriff's Deputies to vacate his residence.  He refused and engaged in an hours-long standoff with officers,

at one point brandishing a firearm at them and threatening to kill officers and then himself. He eventually came out of his house voluntarily; when officer searched the home they found a small amount of marijuana and several firearms.  All of the charges against him stemmed from this incident.

### III.  PETITIONER'S HABEAS CLAIM

As noted in the prior Report and Recommendation, the petition originally asserted six claims in his habeas corpus petition.  Since he withdrew his second and sixth claims, these are the claims remaining for the Court's consideration:

> **GROUND ONE**: Prosecutorial misconduct in presenting erroneous information to the Jury and leading witnesses to testify falsely prejudiced Petitioner to the effect of a miscarriage of justice.
>
> **Supporting facts**: At Petitioner's trial, the prosecutor led Deputy Caldwell to change his original testimony.  On cross examination Deputy Caldwell changed his testimony back to his original account.  Prosecutor allowed Jury to believe that petitioner's home was sold before the day in question when in fact is was sold almost one month after.
>
> **GROUND THREE**: Petitioner's actions were privileged under Ohio law and the State and Federal Constitutions and thus could not be the basis for criminal liability.
>
> **Supporting facts**: The offenses require proof beyond a reasonable doubt that deputies were acting under color of law.  Petitioner was the legal owner of the property.  There was no proof that the deputies had a right to be there. The deputies used excessive and unnecassary (sic) force when they broke the front door and armed themselves with M-16 assault rifles prior to petitioner arming himself.  Petitioner had a right to repel armed trespassers by threat who were threatening to invade his home with deadly weapons.

**GROUND FOUR**: Judicial misconduct deprived petitioner of impartial judicial trial and direct appeal proceedings, denying him of due process and equal protection of law, with prejudice toward petitioner to the effect of a miscarriage of justice.

**Supporting facts**: Both trial and appeals court ignored Ohio State and Federal law and ignored petitioner's Ohio State and Federal Constitutional rights by doing nothing about the crimes that was committed against him.

**GROUND FIVE**: The jury instructions were prejudicially insufficient contrary to Ohio law and State and Federal Constitutions prejudiced Petitioner to the effect of a miscarriage of justice.

**Supporting facts**: Trial court did not instruct the jury of all the issues by the facts at the petitioner's trial. There was no jury instructions on privilege, or the defense of self-defense by way of threat. The violations of petitioner's federal rights was motivated by malice and not caused by mere inadvertence or poor judgment. Indictment violations occurred by charging Petitioner with offenses that were prejudicial to the effect of a miscarriage of justice, and denied Petitioner of fundamental fairness, due process, and equal protection of the law.

It is Respondent's position that all of these claims are barred by the doctrine of procedural default and that none of them have merit.

### A. THE LAW OF PROCEDURAL DEFAULT

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent

5

needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). But if, because of a procedural default, the petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate both cause for the procedural default, as well as actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must

6

demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Part of the procedural default analysis involves the requirement that a federal constitutional claim raised in a federal habeas corpus petition must have been "fairly presented" to the state courts. If not, that claim has, in essence, not been presented at all, and if the time for doing so has elapsed, the claim is procedurally defaulted. *Abshear v. Moore*, 354 Fed. Appx. 964 (6th Cir. Dec. 3, 2009). As this Court has recognized, "[a] petitioner 'fairly presents' the 'substance of his federal habeas corpus claim' when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Cowans v. Bagley*, 236 F.Supp.2d 841, 857 (S.D. Ohio 2002, *quoting Anderson v. Harless*, 459 U.S. at 6. Conversely, if a habeas petitioner "presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory," the fair presentment requirement has not been satisfied; rather, "he must present to the federal court essentially the same facts and legal theories that were considered and rejected by the state courts." *Id.*, *citing, inter alia, Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002). Consequently, in order to determine if Petitioner's federal Due Process claim was fairly presented to the state courts, it is necessary to examine his state court filings in some detail to see how he argued the "Castle Doctrine" issue to those courts.

## B.  APPLICATION TO THE FACTS

As the Court noted in its prior Report and Recommendation,

> Here, the exhausted claims all appear to have been procedurally defaulted. No Ohio court would consider those claims now because they were required to have been raised on direct appeal but were not. As noted above, under State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), res judicata would bar further consideration of those claims in the state courts. If that is so, a federal court cannot decide any of them on their merits. See Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986) (holding that where a habeas petitioner fails to follow a valid state procedural rule dealing with the presentation of claims to the state courts, and that rule is regularly enforced, a federal court cannot hear the claims absent a showing "that there was 'cause' for [the petitioner] to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error"). The petition is silent as to the reasons why these claims were never raised in petitioner's direct appeal apart from his claim of ineffective assistance of appellate counsel, and because he never argued ineffective assistance of appellate counsel to the state courts, he cannot rely on that argument as cause to excuse his procedural default. See Murray v. Carrier, 477 U.S. 478, 489 (1986) ("a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default").

*Lee v. Warden, supra,* at *10.  Despite the Court's explanation of this problem to Petitioner, and the fact that Respondent also pointed the matter out to him in the return, he has made no effort to demonstrate the type of cause and prejudice needed to excuse the default.  The records filed in support of the return demonstrate, as Petitioner conceded in his petition, that he did not include any of these four claims as part of his direct appeal to the Fifth District Court of Appeals, nor did he raise them in any other way in the Ohio courts.  Further, he has presented no evidence that he is actually innocent of any of the crimes for which he stands convicted.  Under these circumstances, the remaining claims in the petition should be dismissed on grounds of procedural default, and there is no need

for the Court to address the merits of any of those claims.

## IV.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this case be **DISMISSED**.

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any

adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge